Emma L. Gaestel, (Alleged transferee) v. Commissioner. Estate of Joseph Gaestel, Deceased, Emma L. Gaestel, Administratrix with the will Annexed, (Alleged transferee) v. Commissioner. Emma L. Gaestel, (Alleged transferee of a transferee) v. Commissioner.
Gaestel v. Commissioner
Docket Nos. 5284, 5286, 5285.
United States Tax Court
1947 Tax Ct. Memo LEXIS 317; 6 T.C.M. (CCH) 89; T.C.M. (RIA) 47022; February 7, 1947
*317 Transferee liability: Valuation of transferred assets. - The Commissioner determined deficiencies against taxpayer on account of an unpaid tax liability of a corporation, in her capacities as (1) transferee of the corporation, (2) administratrix of her husband's estate (a transferee of the corporation), and as (3) transferee of a transferee (her husband's estate) of the corporation. Transferee status having been admitted, it was held that, since the liability of a transferee is the amount of the tax due and owing by the transferor to the extent of the value of the assets received, and the value of the assets received here exceeds the tax liability, the Commissioner's determinations are sustained. Edward Hale Julien, Esq., 220 Bush St., San Francisco 4, Calif., for the petitioners. E. A. Tonjes, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: Respondent determined deficiencies in the income tax, declared value excess profits tax, and excess profits tax liability of the Gaestel Motor Co., Ltd. (a dissolved corporation), in the aggregate amount of $27,894.75 for the calendar years 1941 and 1942, and the five month period *318 ended May 31, 1943. Gaestel Motor Company was dissolved and all of its assets were transferred to its sole shareholders, Emma L. and Joseph Gaestel, husband and wife, on May 31, 1943. On October 1, 1943, Joseph Gaestel died testate. Under his will, Emma L. Gaestel was named the sole legatee. The estate was distributed to her on July 25, 1944. By means of jeopardy assessments, respondent has assessed all but $699.82 of Gaestel Motor Company's alleged deficiencies in taxes against Emma L. Gaestel, Docket No. 5284, as transferee of the property of Gaestel Motor Company; against the Estate of Joseph Gaestel, Deceased, Docket No. 5286, representing Joseph Gaestel, transferee of the property of Gaestel Motor Company; and against Emma L. Gaestel, Docket No. 5285, transferee of the estate of Joseph Gaestel, deceased, as a transferee of a transferee. The three alleged transferee proceedings have been consolidated for hearing and report. The liability of Gaestel Motor Company for part of the deficiencies asserted against it has been determined by our decision in a Memorandum Findings of Fact and Opinion, entered January 28, 1947. entitled Gaestel Motor Co., Ltd., (a dissolved corporation), , *319 Dec. 15,590(M)]. The only question involved in these proceedings is whether each petitioner is a transferee of the dissolved corporation and, therefore, liable for the deficiencies in taxes found to be due in accordance with our decision inhe proceeding of Gaestel Motor Co., Ltd. Findings of Fact Petitioner, Emma L. Gaestel, is the widow of Joseph Gaestel, deceased. Gaestel died on October 1, 1943. Emma and Joseph Gaestel were domiciled in California and resided in Merced. On June 15, 1928, after the marriage of Gaestel and his wife, Gaestel and Martin T. Kresteller organized Gaestel Motor Co., Ltd., a California corporation, to engage in the business of operating a retail Ford automobile agency in Merced. In the formation of the corporation Kresteller and Gaestel each invested $7,000 for which there were issued to each of them 700 shares of stock at a par value of $10 a share; total, 1,400 shares. Except for qualifying shares Gaestel and Kresteller took title to the shares in their own names. In 1930, Gaestel and Kresteller acquired 500 additional shares of stock, each, for which each paid $5,000. The corporation's outstanding capital stock, thus increased to 2,400 shares, *320 remained at that amount until 1937 when it issued 1,000 additional shares, 500 shares each to Gaestel and Kresteller in cancellation of an indebtedness owing to them by it in the total amount of $10,000. Kresteller died on February 14, 1943. On that day the outstanding 3,400 shares of stock of the corporation were held as follows: 1,699 were held by Gaestel and one share by Emma Gaestel, his wife; 1,200 shares were held by Kresteller, and 500 shares by his wife. Under a contract then in existence, the stock which had been owned by Kresteller and his wife was purchased by Gaestel at book value, approximately $20 a share, and 1,200 shares were issued in Gaestel's name, and 500 shares were issued in the name of Gaestel and his wife as joint tenants with the right of survivorship. The Gaestel Motor Co., Ltd., was dissolved and liquidated on May 31, 1943. Immediately prior to its liquidation, Gaestel and his wife were the sole shareholders. Gaestel held 2,899 shares of the corporate stock in his own name; one share was in the name of Emma Gaestel, and the remaining 500 shares were held in the names of Gaestel and his wife as joint tenants. Immediately prior to its liquidation, according *321 to its books and balance sheet, the assets, reserves, liabilities, and net worth of Gaestel Motor Co. were $142,031.85, $27,293.95, $32,852.53 and $81,885.37, respectively. The assets consisted of cash, notes, and accounts receivable, new and used automobiles, trucks and tractors, parts and accessories, a repair shop and equipment, and furniture and fixtures. The corporation did not own real property. The minutes of a meeting of the board of directors of Gaestel Motor Co., held on May 28, 1943, recite as follows: The Secretary announced that pursuant to the request therefor, signed by the holders of all of the capital stock of this corporation, there had been forwarded to the Secretary of State of the State of California, a certificate of election to dissolve. The Secretary announced that all of the stock of this corporation was owned by JOSEPH GAESTEL and EMMA GAESTEL, his wife, and on motion duly made and seconded, it was unanimously "RESOLVED: That in consideration of the surrender to this corporation for cancellation of all of the outstanding shares of stock of this corporation and in consideration of the assumption by the said JOSEPH GAESTEL and EMMA GAESTEL of any and *322 all liabilities of this corporation, whether known or unknown, and in liquidation of this corporation, this corporation does hereby sell, assign, set over and transfer unto the said JOSEPH GAESTEL and EMMA GAESTEL all of the assets of this corporation of every kind and character." The President thereupon announced that this corporation was completely liquidated, and announced that the Franchise Tax had been paid, and that all of its debts and liabilities, including taxes, had been paid or provided for, and that the corporation should now file in the office of the Secretary of State of the State of California the certificate of such final dissolution. The Secretary announced that this certificate must be signed by the three directors as evidence, and on motion duly made and seconded, it was unanimously "RESOLVED: That the last directors of this corporation do execute and file on behalf of this corporation said certificate of final dissolution. BEIT FURTHER RESOLVED: That the said transfer herein referred to take effect as of May 31, 1943." Pursuant to the resolution of May 28, 1943, the corporation transferred all of its assets to Joseph Gaestel and Emma L. Gaestel on May 31, 1943, in *323 exchange for all the stock held by them. Thereafter, the corporation owned no assets andwas liquidated and dissolved. The fair market value of all the assets transferred to Joseph and Emma Gaestel, less liabilities, was at least $81,855.37. The 2,900 shares of stock of Gaestel Motor Company was community property of Joseph and Emma Gaestel, which represented their interest in the assets of Gaestel Motor Company. Upon the distribution of the assets of Gaestel Motor Company to Joseph and Emma Gaestel on May 31, 1943, and before any transfer of the assets to an oral partnership, there was vested in Joseph and Emma Gaestel their respective community property interests in the assets of the corporation which had been distributed to them. Since there was a total of 3,400 shares of stock, of which 500 shares were held by the Gaestels as joint tenants, it follows that 85 percent of the assets of the company represented community property. After the dissolution of the corporation and after the distribution of the corporate assets to Joseph and Emma Gaestel, they transferred all the assets received from the corporation to a partnership consisting of Joseph and Emma Gaestel as co-partners, *324 and carried on the business formerly operated by the corporation in the form of a partnership. The assets received from the corporation were entered on the books of the partnership at a net value, less liabilities, of $81,885.37. Joseph and Emma Gaestel instructed their attorney to prepare a written agreement of partnership. Due to the pressure of other business, the attorney did not prepare the written agreement prior to the death of Gaestel on October 1, 1943. No written partnership agreement was therefore executed by the parties. In June 1943 a certificate of fictitious name was duly filed and published in Merced County. For the period June 1, 1943, to October 1, 1943, Joseph and Emma Gaestel carried on the business under an oral agreement of partnership. Since Gaestel's death on October 1, Emma Gaestel has operated the business as a proprietorship. Joseph Gaestel died testate. Under the provisions of his will, which was duly probated in the Superior Court for the County of Merced, Emma Gaestel, as the surviving spouse, was designated the sole legatee. The last will and testament of Gaestel was a joint will executed by Joseph and Emma Gaestel on February 17, 1941. The will provided *325 in part: FIRST: We hereby declare that all of the property held by us in the name of either of us, has been acquired by us through our joint efforts and earnings, subsequent to out marriage, and that the said property and the whole thereof is community property. In the event that any of said property should be proved to have been acquired by either of us by way of inheritance, gift, bequest or otherwise, we and each of us declare that the portion so received by us is not more than equivalent to the share of the community property which we have heretofore disposed of, and in the event of the death of either of us, leaving the other surviving, we make no provision whatever other than the statement herein set forth, for the reason that under the provisions of Section 201 of the Probate Code of the State of California, as it exists at the time of the making of this Will, in the absence of testamentary disposition, the whole of the community property belongs to the said survivor, and it is our intention that all of the property which we, or either of us own, shall go to the survivor of us under the provisions of the said Section, as it now exists. By codicil, executed on August 4, 1943, the *326 parties provided: FIRST: Since the execution of our Last Will and Testament dated the 17th day of February, 1941, we have disincorporated the business being conducted at that time under the name of GAESTEL MOTOR CO., LTD., and have organized and created a partnership to carry on the business formerly conducted by said corporation under the trade name and style of GAESTEL MOTOR CO. In the event that the survivor of us shall elect to carry on and conduct said business, we hereby authorize such survivor to maintain said business and hereby expressly instruct that the said business shall not be sold, but shall be distributed to such survivor intact, upon condition however, that such survivor shall pay any and all expenses of administration, funeral expenses and other indebtedness, and in the event that such survivor has not sufficient funds with which to make such payments, such survivor shall have the right to borrow money, either on his or her personal note or upon the assets of said business, to pay such costs, expenses and indebtedness. Emma Gaestel was duly appointed and duly qualified as the administratrix with the will annexed of the last will and testament of Joseph Gaestel *327 on November 15, 1943. On March 29, 1944, the appraisal of the estate of Joseph Gaestel, deceased, dated February 28, 1944, was filed in the Superior Court, Merced County, which listed at appraised values the following properties: Real property(community)
$ 6,000.00
Stocks and bonds (community)
2,096.61
Undivided one-half interest in partner-
ship, Gaestel Motor Co.
37,615.93
Total
$45,712.54
The property held by the partnership was the property which had been distributed to the Gaestels upon the liquidation of the corporation; and the undivided one-half interest in the partnership which passed into the estate of Joseph Gaestel was an interest in part of that property. The partnership consisted of Joseph and Emma Gaestel only. The report of the State of California Inheritance Tax Appraiser was filed in the Superior Court on June 22, 1944. This report stated that the fair market value of the property of the estate at the date of death was $40,711.71, and that the clear market value as of the date of death, after deductions for debts, expenses, and allowed claims against the estate was $35,261.89; and that the State inheritance tax was $224.94. On July 25, 1944, the *328 Superior Court entered its order of final distribution of the estate to the sole legatee, Emma Gaestel, in which it was stated that all debts of the estate had been paid except a claim of the collector of internal revenue, but that he had consented to the distribution of the estate without the payment of the claim; and that all State and Federal income and estate taxes had been paid. The property which the Court ordered distributed to Emma Gaestel was as follows: A piece of property in Merced (which had been valued at $6,000 in the probate appraisal, which was community property); stocks and bonds (which had been listed in the probate appraisal and valued at $2,096.61); and the undivided one-half interest in the partnership (which was a partnership interest), which was appraised at $37,615.93 in the probate appraisal. The property which was distributed to Emma Gaestel, the sole legatee, from the estate of her deceased husband on July 25, 1944, had a clear value, after payment of obligations of the estate of at least $30,000. A 90-day letter determining deficiencies in the taxes of the dissolved corporation, Gaestel Motor Co., Ltd., was mailed on March 13, 1944. On January 15, 1944, respondent *329 assessed by means of jeopardy assessments the deficiencies in taxes of the Gaestel Motor Co. for the years 1941 and 1942, and five months of 1943, against Emma L. Gaestel as transferee of the property of Gaestel Motor Company; against the Estate of Joseph Gaestel, Deceased, representing Joseph Gaestel, transferee of the property of Gaestel Motor Company; and against Emma L. Gaestel, transferee of the property of the estate of Joseph Gaestel, deceased, as a transferee of a transferee. Thereafter, Emma Gaestel filed a bond in the amount of $35,000 to stay collection of the jeopardy assessments. The $35,000 represented the sum of $10,000 withdrawn from the business and proceeds of life insurance policies in the amount of $25,000 which had not been assets received from Gaestel Motor Co. There were distributed to Joseph and Emma Gaestel all of the assets of Gaestel Motor Company on May 31, 1943, which had a fair market value after liabilities, exclusive of liabilities for Federal income tax for the years 1941, 1942, and 5 months of 1943, of $81,885.37. The interests of the Gaestels, husband and wife, in 85 percent of the corporate assets were interests of community property; and in 15 *330 percent, were interests of joint tenants with a right of survivorship. The value of the undivided community and joint interests in the distribution to Joseph Gaestel was $69,602.56, of which the value of his community interest was $34,801.28; and the value of the undivided interestreceived by Emma Gaestel was the same. The distribution of the corporation's assets on May 31, 1943 left the transferor corporation insolvent, without property to satisfy any Federal income tax liabilities determined after May 31, 1943. Joseph and Emma Gaestel, the sole stockholders of the Motor Company, agreed to assume any and all liabilities of the corporation, known or unknown, and in consideration of such assumption of liabilities the corporation transferred all of its assets to them. They became liable at law for the liability of the corporation for deficiencies in taxes. Deficiencies in taxes of the Motor Company have never been collected from the Motor Company. The Gaestel Motor Company was organized in June, 1928, which was after the effective date, July 29, 1927, of the amendment to section 161 (a) of the Civil Code of California, under which the interests of spouses in community property *331 were made present, existing and equal. [1]
Opinion The only questions which must be decided in these proceedings are fact questions, the values of the corporate assets which were distributed to the two stockholders of the dissolved corporation, and of the net estate which was distributed to the sole legatee of Joseph Gaestel, deceased. Respondent had the burden of proving these values and he has met his burden of proof. The corporate assets had a value of $81,885.37 on the date of distribution; and the net estate had a value of at least $30,000. The deficiencies in taxes of the dissolved corporation as recomputed under Rule 50 under the report which has been entered in the proceeding of the dissolved corporation, Docket No. 5167, will total much less than the amounts originally determined aggregating $27,894.75. The deficiencies will total $20,000, or less, since the holding in the above noted proceeding is substantially in the favor of the petitioner in that proceeding. The liability of a transferee is the amount of the tax due and owing by the transferor to the extent of the value of the *332 assets received from the transferor. See Mertens, Law of Federal Income Taxation, Vol. 9, paragraphs 53.25 and 53.39. The petitioners in these proceedings do not deny that they are transferees. The only question in each case is the amount of the transferee liability. From the findings of fact which have been made in these proceedings it is evident that the sole surviving transferee, Emma Gaestel, has received property of a value in excess of the total amount of the taxes due and owing from the dissolved corporation. Accordingly, respondent's determination in each proceeding is sustained. The entries of the decisions in these cases must be withheld until the parties to the proceeding, Docket No. 5167, have submitted their recomputations under Rule 50 and decision has been entered in that case. Thereafter, the decisions will be entered in these proceedings. While it is so well settled that stockholders stripping a corporation of its assets succeed to its tax liability as transferees to the extent of the value of the assets received that authorities need not be cited, attention is directed to the following authorities: ; ; *333 ; ; and . In the proceeding of Emma L. Gaestel, Docket No. 5285, alleged transferee of a transferee, petitioner does not make any serious contention on the question of law relating to her liability as a transferee of a transferee. If there remains any doubt, it is resolved by the rationale of ; and . Decisions will be entered for the respondent. Footnotes
1. See [46-1 USTC [*] 9107].↩